*In re* T.L.D., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. T.L.D., a Minor, Respondent-Appellant).

Fourth District   No. 4—89—0738

Opinion filed May 9, 1990.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent minor T.L.D. was adjudicated delinquent for committing retail theft from Osco Drug and T.J. Maxx stores in Decatur and was sentenced to the Department of Corrections (Department). Respondent contends the State failed to prove an essential element of retail theft from Osco. We affirm.

Only those facts necessary for resolution of the issue presented will be recited.

On June 6, 1989, a delinquency petition was filed, alleging respondent, 15 years old, committed retail theft from the two retail establishments in Decatur. At the adjudicatory hearing on August 11, 1989, a security officer for T.J. Maxx testified he observed two minors as they exited T.J. Maxx on June 10 and followed them to a car in the parking lot where respondent was sitting. The security officer observed the minors take clothing without paying for it at T.J. Maxx. While the officer was talking to the minors at the car, he observed seven pairs of sunglasses on the floor of the passenger side of the car beneath where respondent was sitting. The officer testified respondent told him she bought the glasses at Osco for $5. The glasses were returned by the officer to Osco. A photograph taken by the officer of the glasses was admitted into evidence.

A minor, nine years old, who was in the company of respondent on June 10, testified when she, respondent, and two other minors were in Osco, everyone took some pairs of sunglasses from a display rack in the store, put them in their book bags and left the store without paying for the glasses. The minor identified the sunglasses in the photograph taken by the security officer for T.J. Maxx as the glasses taken from Osco on June 10.

Larry Moorehead, a police officer for the City of Decatur, testified he interviewed respondent on June 10 regarding the incident. Moorehead stated respondent told him she took sunglasses from Osco earlier that day and put them in a bag carried by one of the minors accompanying her on that day. On August 11, respondent testified that she did not ask anyone to steal merchandise from T.J. Maxx. Respondent was found delinquent and sentenced to the Department.

■ Respondent argues because no testimony from an Osco representative was presented, the State failed to prove the sunglasses were "displayed, held, stored, or offered for sale" by Osco, an essential element for a retail theft conviction. We disagree. Section 16A—3 of the Criminal Code of 1961 sets forth the offense of retail theft. (Ill. Rev. Stat. 1987, ch. 38, par. 16A—3.) An element of the offense is that the merchandise taken is "displayed, held, stored or offered for sale." (Ill. Rev. Stat. 1987, ch. 38, par. 16A—3(a).) Here, the State established the sunglasses had Osco price tags on them; that respondent was in the store; and respondent took some sunglasses and removed them from the store without paying for them. The State also established the merchandise was later returned to an Osco employee. The State's evidence was sufficient to establish the aforementioned element of retail theft and was unrebutted. We find no error.

■ For the foregoing reasons, the respondent's adjudication of delinquency and commitment to the Department are affirmed.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.